STATE OF MINNESOTA                                        DISTRICT COURT

COUNTY OF CLAY                                        SEVENTH JUDICIAL DISTRICT

                                                                                           Case Type: Employment

Alexandra Davis,                                 Court File No.:_____

        Plaintiff,

    v.                                               **<u>SUMMONS</u>**

PPC Fargo 45, Inc.
and Prairie Pasta Company, Inc.,
d/b/a Noodles & Company #7201,

        Defendants.

THE STATE OF MINNESOTA TO THE ABOVE NAMED DEFENDANT(S):

1.    **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

2.    **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at Ahlberg Law, PLLC, 333 Washington Avenue North, Suite 300, Minneapolis, Minnesota, 55401.

3.    **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4.    **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the



Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A Default Judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: July 29, 2020                                             AHLBERG LAW, PLLC

                                                                 */s/ Ryan H. Ahlberg*
                                                                 Ryan H. Ahlberg, Esq. (#386520)
                                                                 Union Plaza Building, Suite 300
                                                                 333 Washington Avenue North
                                                                 Minneapolis, Minnesota 55401
                                                                 (612) 900-2269
                                                                 rahlberg@ahlberglaw.com
                                                                 Attorney for Plaintiff

## ACKNOWLEDGEMENT

The undersigned acknowledges that pursuant to Minn. Stat. § 549.211 sanctions may be awarded by the Court for violation of said section.

Dated: July 29, 2020                                             */s/ Ryan H. Ahlberg*
                                                                 Ryan H. Ahlberg, Esq. (#386520)

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF CLAY | SEVENTH JUDICIAL DISTRICT |

Case Type: Employment
Court File No.:_____

Alexandra Davis,

      Plaintiff,

v.

**COMPLAINT**

PPC Fargo 45, Inc.
and Prairie Pasta Company, Inc.,
d/b/a Noodles & Company #7201,

      Defendants.

---

Plaintiff Alexandra Davis, as and for her Complaint against Defendants PPC Fargo 45, Inc., Prairie Pasta Company Inc., states and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Alexandra Davis (hereinafter "Davis") is an individual residing in Clay County, Minnesota.

2. Defendants PPC Fargo 45, Inc., a foreign corporation registered with the North Dakota Secretary of State, and Prairie Pasta Company, Inc., a Minnesota corporation, are collectively doing business as Noodles and Company #7201. Both defendants, collectively hereinafter, ("Prairie Pasta"), maintain the same registered office address located at 1708 First Street South, Willmar, Minnesota 56201.

3. Jurisdiction is proper pursuant to Minn. Stat. § 543.19 and 29 U.S.C. § 2617(a)(2).

4. Venue is proper pursuant to Minn. Stat. § 542.09 as the allegations that form the basis of this Complaint occurred in Clay County, Minnesota.

## FACTUAL ALLEGATIONS

5. Defendants are joint employers under Minnesota law. The labor relationship is centralized and controlled by the entities, employees work alongside each other, and Defendants share operations, facilities, and officers.

6. Prairie Pasta has over fifty employees within a seventy-five mile radius of Davis' workplace and Davis worked the requisite 1250 hours in the prior twelve months to qualify for federal Family Medical Act (hereinafter, "FMLA") leave, which Prairie Pasta was obligated to provide.

7. Davis began working for Prairie Pasta beginning on or around April 3, 2019, as a crew member. Around September 2019, Davis advanced to being a shift manager before ultimately becoming an assistant general manager beginning in or around February 2020. At the time of her termination Davis was salaried at $32,500 annually.

8. Davis was diagnosed with both anxiety and depression in or around 2016, and is currently being treated for a potential bi-polar disorder. Since 2016 she has seen counselors on a semi-regular basis and taken prescription medications, which have varied over time. Davis' medical issues were "serious medical conditions" under the FMLA.

9. On or around July 10, 2020, at approximately 12:40 pm, Davis experienced a depression and anxiety crisis. Davis compared her anxiety to a "tire burnout" occurring in her chest, while the depression she was suffering from made her feel that she wanted to go to sleep and not wake up because she did not want to live.

10. In the past, Davis had experienced suicidal thoughts, but had never developed or carried out a plan. However, at times, Davis did harm herself in previous crises.

11. Around 12:40 pm, Davis texted general manager Taylor Elton (hereinafter, "Elton"), that she was making an emergency med counseling appointment for 2:10 pm that afternoon because she was worried about her episode escalating. Davis was scheduled to work at 3 pm that afternoon. Taylor knew about Davis' medical condition from prior conversations.

12. Davis, who texted that she was in a dark place, warned Elton that she may miss her shift that afternoon if she was able to check herself into a care facility.

13. Davis finished her med counseling appointment around 2:30 pm, but did not check herself in for further treatment, as there was no space available. However, Davis' dosages were adjusted and her mother, Darla Davis (hereinafter, "D.Davis"), had made plans to drive up and help.

14. When Davis arrived at Prairie Pasta at the start of her scheduled shift, she was pulled aside by Elton and regional general manager, Lee Klocke (hereinafter, "Klocke"), and provided her termination papers.

3

15. Elton and Klocke did not elaborate as to why Davis was being terminated, beyond stating that multiple employees had alleged Davis had committed sexual misconduct off of the premises.

16. Davis' anxiety coupled with Klocke's pushing her to sign the termination letter, prevented Davis from fully reading and comprehending what the letter said before signing it. Davis remembered that the letter had the "other" box checked for cause of termination.

17. Klocke told Davis that she could complete the comment section on the form she was signing, but Davis' anxiety forced her to leave as soon as possible.

18. Later, Davis found out through a coworker and friend, Starr Borchert (hereinafter, "Borchert"), that Faith Hudson (hereinafter, "Hudson") and Elise McNab (hereinafter, "McNab") had made the complaints.

19. Prior to the middle of June 2020, Davis and Hudson participated in consensual sex multiple times.

20. While Davis was terminated for alleged sexual misconduct off of the premises, Hudson had slept with multiple Prairie Pasta employees, and both Elton and Klocke were aware of such.

21. After Davis was terminated, Hudson became an assistant general manager at a Prairie Pasta location in Fargo, North Dakota; and, the assistant general manager from that location, transferred to the Prairie Pasta location to replace Davis.

22. As a result of Prairie Pasta's conduct, Davis was left to suffer from even more depression and anxiety, requiring her to stay at her boyfriend's house, Michael Footitt (hereinafter, "Footitt"), until her mother was able to arrive. Furthermore, Davis had to force herself to eat for a period of time.

23. As a direct and proximate result of Prairie Pasta's conduct, Davis has suffered damages, including but not limited to, economic damages, other compensatory damages, damages for mental anguish and suffering, liquidated damages, other statutory and punitive damages, costs of suit, and attorney's fees.

## CAUSE OF ACTION I
## FMLA Entitlement (29 U.S.C. § 2615(a)(1))

24. Paragraphs 1 through 24 are incorporated herein by reference.

25. An FMLA entitlement claim "occur[s] where an employer refuses to authorize leave under the FMLA or takes other action to avoid responsibilities under the Act." *Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1005 (8th Cir. 2012). This category of claims includes circumstances where "[a]n employer's action . . . deters an employee from participating in protected activities." *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1050 (8th Cir. 2006).

26. Defendants' actions, as described herein, constituted FMLA violations. Defendants were required under the FMLA to allow Davis to take leave as she was entitled to under the FMLA to deal with the serious mental health issues. Instead, Davis was encouraged to come in and work her shift.

27. Furthermore, after denying Davis the ability to take leave and deal with her serious mental health issue, Defendants terminated her upon her arrival at work.

28. While an employee "must comply with the employer's usual and customary notice and procedural requirements for requesting leave," "unusual circumstances" protect an employee's right to FMLA if an employee provides "sufficient information for an employer." *Brown v. Lester E. Cox Medical, Centers*, 286 F. 3d 1010 (8th Circuit 2002).

29. As a direct and/or proximate result of Defendants' conduct, Davis has suffered damages in excess of $50,000 to be proved with further specificity at trial, and additionally seeks civil penalties and injunctive relief as allowed by statute.

## CAUSE OF ACTION II
## FMLA Discrimination (29 U.S.C. § 2615(a)(2))

30. Paragraphs 1 through 30 are incorporated herein by reference.

31. An FMLA discrimination claim arises when an employer takes adverse action against an employee because the employee exercises rights to which he is entitled under the FMLA. *Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1006 (8th Cir. 2012).

32. Davis engaged in statutorily-protected conduct and exercised rights to which she was entitled under the FMLA when she informed Defendants that she was dealing with serious mental health issues.

33. Defendants' actions, as described herein, constituted an adverse employment

action.

34. As a direct and/or proximate result of Defendants' conduct, Davis has suffered damages in excess of $50,000 to be proved with further specificity at trial, and additionally seeks civil penalties and injunctive relief as allowed by statute.

**WHEREFORE**, Davis requests a **JURY TRIAL** on her claims and judgment against Defendants as follows:

1. As to Cause of Action I, for judgment in favor of Davis in an amount greater than $50,000.00 to be proved with further specificity at trial, and; for an order granting any other appropriate legal or equitable relief pursuant to statute;

2. As to Cause of Action II, for judgment in favor of Davis in an amount greater than $50,000.00 to be proved with further specificity at trial, and; for an order granting any other appropriate legal or equitable relief pursuant to statute;

3. For Davis' costs, disbursements and attorney's fees incurred herein;

4. For such other and further relief as the Court deems just and equitable.

Dated: July 29, 2020                              AHLBERG LAW, PLLC


                                                  */s/ Ryan H. Ahlberg*
                                                  Ryan H. Ahlberg, Esq. (#386520)
                                                  Union Plaza Building, Suite 300
                                                  333 Washington Avenue North
                                                  Minneapolis, Minnesota  55401
                                                  (612) 900-2269
                                                  rahlberg@ahlberglaw.com
                                                  Attorney for Plaintiff

## **ACKNOWLEDGEMENT**

The undersigned acknowledges that pursuant to Minn. Stat. § 549.211 sanctions may be awarded by the Court for violation of said section.

Dated: July 29, 2020     */s/ Ryan H. Ahlberg*
                          Ryan H. Ahlberg, Esq. (#386520)